UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OKLAHOMA

FILED
FEB 2 4 2004
Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor, United States Department of f Labor, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROBERT JOHNSON, JR., Individually, )<br>BERNARD J. WESTHOFF, Individually, )<br>MARK WRIGHT, Individually, )<br>JOHNSON BROKERS & )<br>   ADMINISTRATORS, L.L.C., )<br>JOHNSON BENEFIT )<br>   ADMINISTRATORS, L.L.C., and )<br>PROVIDER MEDICAL TRUST, )<br>)<br>Defendants. ) | Civil Action No. 04-CV-066-EA (M) |

## FIRST AMENDED COMPLAINT

Plaintiff, Elaine L. Chao, Secretary of Labor, United States Department of Labor, brings this action against Defendants, ROBERT JOHNSON, JR., BERNARD J. WESTHOFF, MARK WRIGHT, JOHNSON BROKERS & ADMINISTRATORS, L.L.C., JOHNSON BENEFIT ADMINISTRATORS, L.L.C. and PROVIDER MEDICAL TRUST, pursuant to Sections 502(a)(2) and 502(a)(5), 29 U.S.C. Sections 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. Section 1001 et seq. ("Act" or "ERISA," hereafter), for appropriate equitable and remedial relief under ERISA Sections 409 and 502(a)(5), 29 U.S.C. Sections 1109 and 1132(a)(5); to enjoin violations of the provisions of Title I of ERISA; and to obtain other appropriate relief to redress violations and to enforce the

1




provisions of Title I of ERISA.

## I. JURISDICTION

Jurisdiction of this action is conferred upon the Court by ERISA Section 502(e)(1), 29 U.S.C. Section 1132(e)(1).

## II. VENUE

Venue of this action lies in the United States District Court for the Northern District of Oklahoma, pursuant to ERISA Section 502(e)(2), 29 U.S.C. Section 1132(e)(2).

## III. THE TRUST

A.   At all relevant times, PROVIDER MEDICAL TRUST ("PMT" or "Trust," hereafter) provided health and welfare benefits to employees and eligible employee dependents of participating employers, and is an "employee welfare benefit plan" within the meaning of section 3(1) of ERISA, 29 U.S.C. Section 1002(1).

B.   Alternatively, the Trust is, and at all times was, a Multiple Employer Welfare Arrangement ("MEWA") within the meaning of ERISA Section 3(40), 29 U.S.C. Section 1002(40), holding the assets of various employee welfare benefit plans that were established or maintained by participating employers for the purpose of providing health and welfare benefits to their employees and eligible employee dependents.

C.   Under either paragraph A or B, above, the Trust and its assets are subject to coverage of the Act, including Title I, Part 4 of ERISA, pursuant to ERISA Section 4(a)(1), 29 U.S.C. Section 1003(a)(1).

D.   At all relevant times, the Trust was administered in Tulsa County, Oklahoma, within the jurisdiction of this Court.

E.   The Trust is joined as party defendant pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to assure that complete relief can be granted.

## IV. THE DEFENDANTS

A.   Defendant JOHNSON BROKERS & ADMINISTRATORS, L.L.C. ("JOHNSON BROKERS," hereafter), at all relevant times, was an Oklahoma corporation with its principal place of business in Tulsa County, Oklahoma, within the jurisdiction of this Court. At all relevant times, defendant ROBERT JOHNSON, JR. was the majority shareholder of JOHNSON BROKERS. At all relevant times, JOHNSON BROKERS was a fiduciary and a party in interest with respect to the Trust, within the meaning of ERISA Sections 3(14)(A), 3(14)(B), 3(14)(G) and 3(21)(A), 29 U.S.C. Sections 1002(14)(A), 1002(14)(B), 1002(14)(G), and 1002(21)(A).

B.   Defendant JOHNSON BENEFIT ADMINISTRATORS, L.L.C. ("JOHNSON BENEFIT," hereafter), at all relevant times, was an Oklahoma corporation with its principal place of business in Tulsa County, Oklahoma, within the jurisdiction of this Court. At all relevant times, defendant JOHNSON BROKERS was the majority shareholder of JOHNSON BENEFIT. At all relevant times, JOHNSON BENEFIT was a fiduciary and a party in interest with respect to the Trust, within the meaning of ERISA Sections 3(14)(A), 3(14)(B), 3(14)(G) and 3(21)(A), 29 U.S.C. Sections 1002(14)(A), 1002(14)(B), 1002(14)(G), and 1002(21)(A).

C.   Defendant ROBERT JOHNSON, JR. is, and at all relevant times was, a resident of Tulsa County, Oklahoma, within the jurisdiction of this Court. At all relevant times, ROBERT JOHNSON, JR. was a Director, the Chief Executive Officer and majority shareholder of defendant JOHNSON BROKERS, as well as a controlling and majority shareholder of defendant JOHNSON BENEFIT. At all relevant times, ROBERT JOHNSON, JR. was a

fiduciary and a party in interest with respect to the Trust, within the meaning of ERISA Sections 3(14)(A), 3(14)(H) and 3(21)(A), 29 U.S.C. Sections 1002(14)(A), 1002(14)(H) and 1002(21)(A).

D. Defendant BERNARD J. WESTHOFF is, and at all relevant times was, a resident of Tulsa County, Oklahoma, within the jurisdiction of this Court. At all relevant times, BERNARD J. WESTHOFF was an officer of defendants JOHNSON BROKERS and/or JOHNSON BENEFIT. At all relevant times, BERNARD J. WESTHOFF was a fiduciary and a party in interest with respect to the Trust, within the meaning of ERISA Sections 3(14)(A), 3(14)(H) and 3(21)(A), 29 U.S.C. Sections 1002(14)(A), 1002(14)(H) and 1002(21)(A).

E. Defendant MARK WRIGHT is, and at all relevant times was, a resident of Tulsa County, Oklahoma, within the jurisdiction of this Court. At all relevant times, MARK WRIGHT was an officer of defendants JOHNSON BROKERS and/or JOHNSON BENEFIT. At all relevant times, MARK WRIGHT was a fiduciary and a party in interest with respect to the Trust, within the meaning of ERISA Sections 3(14)(A), 3(14)(H) and 3(21)(A), 29 U.S.C. Sections 1002(14)(A), 1002(14)(H) and 1002(21)(A).

## V. THE TRANSACTIONS

A. Since at least January 1, 1996, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., BERNARD J. WESTHOFF and MARK WRIGHT caused the Trust to pay excessive service fees to JOHNSON BROKERS and/or JOHNSON BENEFIT, which fees were taken from Trust assets.

B. Since at least January 1, 1996, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., and MARK WRIGHT misrepresented the solvency of the

4

Trust, with the apparent purposes, among others, of meeting state insurance solvency requirements.

(1) Defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., and MARK WRIGHT filed, or caused to be filed, statements of the Trust's financial condition with the Oklahoma Insurance Department. The financial statements refer to the service fees paid by the Trust to PMT's plan administrators, JOHNSON BROKERS and JOHNSON BENEFIT, as "prepaid administrative fees," "prepaid administrative expense[s]," and/or "prepaid actuary fees." This characterization of the service fees permitted the continued marketing of the Trust by concealing the true financial condition of the Trust. Specifically,

(a) On or about April 29, 1996, defendant ROBERT JOHNSON, JR. signed the Trust's Annual Statement for the Year Ended December 31, 1995, and filed (or caused to be filed) the Annual Statement to the Oklahoma Insurance Department, identifying "prepaid administrative expense[s]" as "assets" of the Trust;

(b) On or about April 29, 1997, defendant ROBERT JOHNSON, JR. signed the Trust's Annual Statement for the Year Ended December 31, 1996, and filed (or caused to be filed) the Annual Statement to the Oklahoma Insurance Department, identifying "prepaid administration fees" as "assets" of the Trust;

(c) On or about April 28, 1998, defendant ROBERT JOHNSON, JR. signed the Trust's Annual Statement for the Year Ended December 31, 1997, and filed (or caused to be filed) the Annual Statement with the Oklahoma Insurance Department, identifying "prepaid administration fees" as "assets" of the Trust;

5

(d) On or about April 18, 2000, defendant MARK WRIGHT signed the Trust's Annual Statement for the Year Ended December 31, 1999, and filed (or caused to be filed) the Annual Statement with the Oklahoma Insurance Department, identifying "prepaid administration fees" as "assets" of the Trust;

(e) On or about November 14, 2000, defendant ROBERT JOHNSON, JR. signed the Trust's Quarterly Statement for the quarter ending September 30, 2000, and filed (or caused to be filed) the Quarterly Statement with the Oklahoma Insurance Department, identifying "prepaid actuary fees" as "assets" of the Trust;

(2) Defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., and MARK WRIGHT used, or caused to be used, the term "prepaid administrative fees" and/or "prepaid expenses" in the Trust's financial statements for the years ending 1996, 1997, 1998 and 1999.

(3) Defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., and MARK WRIGHT used, or caused to be used, the term "accrued underwriting contribution" or "underwriting contribution" to denote an "asset" of the Trust. The terms "accrued underwriting contribution" or "underwriting contribution" were merely personal guarantees of the Trust's liabilities, and permitted the continued marketing of the Trust by concealing the true financial condition of the Trust. Specifically, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., and MARK WRIGHT:

(a) used, or caused to be used, the term "accrued underwriting contribution" in PMT's Balance Sheet for the year ending December 31, 1999; and

(b)     filed, or caused to be filed, on or about May 18, 2000, a statement of the Trust's financial condition with the Oklahoma Insurance Department, using the term "underwriting contribution."

## VI. THE ERISA VIOLATIONS

A.     By engaging in the transactions identified in paragraph V(A), above, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., BERNARD J. WESTHOFF and MARK WRIGHT, fiduciaries and parties in interest with respect to the Trust, violated the provisions of ERISA, in that they:

(1)     failed to discharge their duties with respect to the Trust solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. Section 1104(a)(1)(A);

(2)     failed to discharge their duties to the Trust with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. Section 1104(a)(1)(B);

(3)     caused the Trust to engage in transaction which they knew or should have known constituted a direct or indirect furnishing of goods, services or facilities between the Trust and a party in interest, in in violation of Section 406(a)(1)(C) of ERISA, 29 U.S.C. Section 1106(a)(1)(C);

(4)     caused the Trust to engage in transactions which they knew or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in

interest, assets of the Trust, in violation of Section 406(a)(1)(D) of ERISA, 29 U.S.C. Section 1106(a)(1)(D);

    (5)    dealt with the assets of the Trust in their own interest or for their own account, in violation of Section 406(b)(1) of ERISA, 29 U.S.C. Section 1106(b)(1).

    (6)    engaged in transactions involving the Trust on behalf of a party whose interests were adverse to the interests of the Trust and the interests of its participants and beneficiaries, in violation of Section 406(b)(2) of ERISA, 29 U.S.C. Section 1106(b)(2);

    B.    By engaging in the transactions identified in paragraph V(B), above, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR. and MARK WRIGHT, fiduciaries and parties in interest with respect to the Trust, violated the provisions of ERISA, in that they:

    (1)    failed to discharge their duties with respect to the Trust solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries in violation of Section 404(a)(1)(A) of ERISA, 29 U.S.C. Section 1104(a)(1)(A); and

    (2)    failed to discharge their duties to the Trust with the care, skill, prudence and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of Section 404(a)(1)(B) of ERISA, 29 U.S.C. Section 1104(a)(1)(B).

## VII. DIRECT LIABILITY

    A.    As a result of engaging in breaches of their fiduciary responsibilities, obligations, or duties and by engaging in transactions prohibited by ERISA, as described in paragraphs V(A)

and VI(A) of this Complaint, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., BERNARD J. WESTHOFF and MARK WRIGHT caused the Trust to suffer losses and/or harm for which they are liable pursuant to ERISA Sections 409(a) and 502(a)(5), 29 U.S.C. Sections 1109(a) and 1132(a)(5).

    B.    As a result of engaging in the misrepresentations and breaches of fiduciary responsibilities, obligations, or duties described in paragraphs V(B) and VI(B) of this Complaint, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR. and MARK WRIGHT caused losses and/or harm for which they are liable pursuant to ERISA Sections 409(a) and 502(a)(5), 29 U.S.C. Sections 1109(a) and 1132(a)(5).

## VIII. CO-FIDUCIARY LIABILITY

Pursuant to the provisions of ERISA Section 405, 29 U.S.C. Section 1105, defendants JOHNSON BROKERS, JOHNSON BENEFIT, ROBERT JOHNSON, JR., BERNARD J. WESTHOFF and MARK WRIGHT, fiduciaries with respect to the Trust, are liable for the breaches of fiduciary responsibility set forth in paragraphs V and VI of this Complaint, committed by their co-fiduciaries with respect to the Trust.

## IX. PRAYER

WHEREFORE, cause having been shown, Plaintiff, Secretary of Labor, prays for the following relief:

    1.    an Order requiring the defendants to provide a full accounting of the Trust assets;

    2.    an Order permanently enjoining the defendants from violating the provisions of ERISA;

3. an Order requiring the defendants to restore all losses, with interest thereon, resulting from their breaches of fiduciary obligations, and awarding all other appropriate equitable relief;

4. an Order removing the defendants as fiduciaries to the Trust;

5. an Order permanently enjoining the defendants from acting as a fiduciary to the Trust or any other employee benefit plan covered by ERISA;

6. an Order awarding Plaintiff costs of this action; and

7. an Order providing such other remedial and equitable relief as may be appropriate.

Respectfully submitted,

HOWARD M. RADZELY
Solicitor of Labor

WILLIAM E. EVERHEART
Regional Solicitor

ROBERT A. GOLDBERG
Counsel for ERISA

ADDRESS:

Office of the Solicitor
U.S. Department of Labor
525 Griffin Street, Suite 501
Dallas, Texas 75202
Telephone: (972) 850-3100
Facsimile: (972) 850-3101

RSOL No. 01-01136

THOMAS A. PAIGE
Trial Attorney in Charge
Texas Bar No. 00789535

MARY K. COBB
Trial Attorney
Texas Bar No. 00791618

C. ELIZABETH FAHY
Trial Attorney
Illinois Bar No. 6273260