IN THE UNITED STATES DISTRICT COURT
for the
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELAINE L. CHAO, Secretary of Labor,<br>United States Department of Labor,<br><br>  Plaintiff,<br><br>v.<br><br>ROBERT JOHNSON, JR., Individually,<br>BERNARD J. WESTHOFF, individually,<br>MARK WRIGHT, Individually,<br>JOHNSON BROKERS &<br>  ADMINISTRATORS, L.L.C.,<br>JOHNSON BENEFIT<br>  ADMINISTRATORS, L.L.C.,<br>PROVIDER MEDICAL TRUST,<br><br>  Defendants. | Case No. 04-CV-066 EA(M) |

FILED JUN 16 2004 Phil Lombardi, Clerk U.S. DISTRICT COURT

**ANSWER OF BERNARD J. WESTHOFF, JR.**
To
**FIRST AMENDED COMPLAINT**

For his answer to the Secretary's First Amended Complaint, Bernard J. Westhoff, Jr. alleges as follows:

1.  In response to Paragraphs I, II and III(A), he denies that the Trust is or was an "employee welfare benefit plan" as defined in ERISA, denies that this Court has subject matter jurisdiction over the claim and, for that reason, denies that venue lies in this District pursuant to ERISA Section 502(e)(2) although venue would lie in this District if this Court had jurisdiction.

2.  Answering Paragraph III (B), he admits that the Trust was, at all material times, a multiple employer welfare arrangement ("MEWA") as described in ERISA §3(40),



29 U.S.C. §1002 (40).

3. He denies the allegations of Paragraph III (C).

4. He admits the allegations of Paragraphs III (D).

5. Paragraph III (E) expresses the intent of the Plaintiff with respect to another party, and does not require an answer.

6. He admits that Johnson Brokers & Administrators, L.L.C., and Johnson Benefit Administrators, L.L.C., had their principal places of business in Tulsa County, Oklahoma, within the jurisdiction of this Court. He denies all of the other allegations of Paragraphs IV (A and B).

7. He admits the allegations of the first and second sentences of Paragraphs IV (C and E), but denies the allegations of the third sentence of each such Paragraph and denies that two persons or entities both owned a majority of JBA's stock.

8. He admits the allegations of the first sentence of Paragraph IV (D). He denies that he was an officer of Johnson Benefit at any time. He admits that he was the Chief Financial Officer of Johnson Brokers at certain times, but does not have sufficient information to admit or deny, and therefore denies, that he was its Chief Financial Officer at all relevant times. He denies the allegations of the last sentence of Paragraph IV (D).

9. He denies the allegations of Paragraph V (A).

10. He does not have sufficient information to admit or deny, and therefore denies, the allegations of Paragraph V(B) which, incidentally, do not mention him or allege that he committed any wrongful act. He does admit, however, that terms similar to "accrued underwriting contribution" or "prepaid administrative fees" were used in

2

certain financial statements.

11. He denies the allegations of Paragraphs VI, VII and VIII, and furthermore continues his denial that he or any of the other Defendants was a fiduciary or party in interest, or that ERISA applies to the Trust.

12. Although prayers for relief do not require a response, he states that the Secretary of Labor is not entitled to any remedy or relief against him.

### Defenses

13. This Court does not have subject-matter jurisdiction over the claims.

14. The statute of limitations has run on part or all of the claims.

15. The Complaint does not state a cause of action on which relief can be granted.

16. There is a defect in parties plaintiff, to-wit: The Oklahoma Insurance Commissioner. The Constitution of the United States does not allow him to be added.

17. The Trust was not an ERISA Plan.

18. He was neither a party in interest nor a fiduciary of the Provider Medical Trust, and for that reason (and for other reasons) this Court does not have jurisdiction of the subject matter with respect to claims against him.

19. ERISA does not allow a cause of action against nonfiduciaries.

20. The Secretary does not have standing.

21. The Provider Medical Trust was subject to regulation by the Oklahoma Insurance Department. Most, if not all, of the allegations of this complaint allege improper filings of statements or other allegedly-improper actions by certain defendants (not Mr. Westhoff) with regard to the Oklahoma Insurance Department. Those claims have been resolved with regard to Mr. Westhoff by his making a substantial

payment Provider Medical Trust and the Insurance Commissioner's release of claims against him. Such transactions bar any claims by the Secretary of Labor or, at the very least, act as a payment, release or accord and satisfaction with respect to such liability.

22. He is unaware of any participant or beneficiary of the Provider Medical Trust who relied on the alleged statements of the other defendants, and therefore, on information and belief, denies that any of them relied on these statements.

23. Some or all of the Secretary's claims may be barred by the equitable doctrines of waiver and/or estoppel.

24. Bernard J. Westhoff, his father, was not served and has no liability with respect to the allegations. He is willing to accept an amendment by interlineation that changes the allegations to be against the answering party, Bernard J. Westhoff, Jr.

Respectfully submitted,

_____
David B. McKinney, OBA #6032
Christopher K. Woosley, OBA #
C. Eric Pfanstiel, OBA #
OF COOPER, McKINNEY & WOOSLEY
401 S. Boston, Ste. 3300
Tulsa, OK 74103
(918) 592-3300 Phone
(918) 592-7816 Fax

ATTORNEYS FOR DEFENDANT,
BERNARD J. WESTHOFF

## CERTIFICATE OF MAILING

I certify that a true and correct copy of the above and foregoing was deposited in the U.S. Mail this 16 day of June, 2004, addressed to the following, with

proper postage thereon fully prepaid:

    Thomas A. Paige
    Office of the Solicitor
    U.S. Department of Labor
    525 S. Griffin St. Ste. 501
    Dallas, TX 75202

    G. Steven Stidham
    Sneed Lang
    2 West 2nd Street Ste 2300
    Tulsa, OK 74103

    Mark Blongewicz
    Hall Estill
    320 So. Boston Ste 400
    Tulsa, OK 74103