IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA



FILED
JUL 16 2004
Phil Lombardi, Clerk
U.S. DISTRICT COURT

ELAINE L. CHAO, Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

ROBERT JOHNSON, JR., individually,
BERNARD WESTHOFF, individually,
MARK WRIGHT, individually,
JOHNSON BROKERS &
ADMINISTRATORS, L.L.C.,
JOHNSON BENEFIT
ADMINISTRATORS, L.L.C., and
PROVIDER MEDICAL TRUST,
    Defendant.

Case No. 04-CV-066 EA (M)

### ANSWER OF ROBERT JOHNSON, JR., JOHNSON BROKERS AND ADMINISTRATORS, L.L.C., AND JOHNSON BENEFIT ADMINISTRATORS, L.L.C.

Defendants, Robert Johnson, Jr., Johnson Brokers and Administrators, L.L.C. ("JB&A") and Johnson Benefit Administrators, L.L.C. ("JBA") (collectively, the "Answering Defendants") hereby submit their Answer to Plaintiff's First Amended Complaint.

1.    The Answering Defendants assert that this Court has no subject matter jurisdiction over Plaintiff's claims, as any such jurisdiction depends on Defendant Provider Medical Trust ("PMT") being an entity subject to ERISA. Because PMT is not an entity subject to ERISA, Plaintiff's claims against the Answering Defendants are not cognizable in this Court, and those claims must be dismissed.

2.    The Answering Defendants deny each and every material allegation contained in Plaintiff's First Amended Complaint except as is hereinafter expressly admitted.

3. In response to the preamble in Plaintiff's First Amended Complaint, the Answering Defendants deny that either PMT or the Answering Defendants are subject to the enforcement provisions of ERISA, and assert that this Court has no subject matter jurisdiction over Plaintiff's claims.

4. In response to the allegations in paragraph I of Plaintiff's First Amended Complaint, the Answering Defendants deny that ERISA confers upon this Court any subject matter jurisdiction over this action.

5. In response to the allegations in paragraph II of Plaintiff's First Amended Complaint, the Answering Defendants deny that venue is properly laid in this Court under ERISA, as this Court has no subject matter jurisdiction over Plaintiff's ERISA claims.

6. In response to the allegations and legal conclusions in Paragraph III (A) of Plaintiff's First Amended Complaint, the Answering Defendants deny that PMT is an entity governed in any way by ERISA. The Answering Defendants specifically deny that PMT is an employee welfare benefit plan as defined by ERISA.

7. In response to the allegations and legal conclusions in Paragraph III (B) of Plaintiff's First Amended Complaint, the Answering Defendants deny that PMT is an entity governed in any way by ERISA.

8. In response to the allegations and legal conclusions in Paragraph III (C) of Plaintiff's First Amended Complaint, the Answering Defendants deny that PMT is subject to coverage under any provision of ERISA.

9. In response to the allegations in Paragraph III (D) of Plaintiff's First Amended Complaint, the Answering Defendants admit that PMT was administered in Tulsa County, but deny that that fact confers jurisdiction upon this Court over Plaintiff's claims.

10. In response to the allegations in Paragraph III (E) of Plaintiff's First Amended Complaint, the Answering Defendants deny that PMT is properly named in this litigation in any capacity, as PMT is not governed by ERISA.

11. In response to the allegations and legal conclusions in Paragraph IV (A) of Plaintiff's First Amended Complaint, the Answering Defendants admit that JB&A was an Oklahoma corporation with its principal place of business in Tulsa County, Oklahoma, but deny that those facts confer jurisdiction upon this Court over Plaintiff's claims. The Answering Defendants also deny that PMT is governed by ERISA, or that any relationship between any of the Answering Defendants and PMT is governed by ERISA.

12. In response to the allegations and legal conclusions in Paragraph IV (B) of Plaintiff's First Amended Complaint, the Answering Defendants admit that JBA was an Oklahoma corporation with its principal place of business, but deny that those facts confer jurisdiction claims upon this Court over Plaintiff's claims. The Answering Defendants also deny that PMT is governed by ERISA, or that any relationship between any of the Answering Defendants and PMT is governed by ERISA. Further, the Answering Defendants deny that both Johnson and JB&A were simultaneously majority shareholders of JBA as alleged in paragraphs IV (B) and (C) of Plaintiff's First Amended Complaint.

13. In response to the allegations and legal conclusions in Paragraph IV (C) of Plaintiff's First Amended Complaint, the Answering Defendants admit that Robert Johnson was and is a resident of Tulsa County Oklahoma, but deny that this fact confers jurisdiction upon this Court over Plaintiff's claims. The Answering Defendants also further deny that PMT is governed by ERISA, or that any relationship between any of the Answering Defendants and PMT is governed by ERISA. Further, the Answering Defendants deny that both Johnson and

JB&A were simultaneously majority shareholders of JBA as alleged in paragraphs IV (B) and (C) of Plaintiff's First Amended Complaint.

14.     The allegations and legal conclusions in Paragraph IV (D) of Plaintiff's First Amended Complaint are directed at another Defendant, and no response by the Answering Defendants is required. Nonetheless, the Answering Defendants deny that any relationship between any person or entity and PMT is governed by ERISA.

15.     The allegations and legal conclusions in Paragraph IV (E) of Plaintiff's First Amended Complaint, are directed at another Defendant, and no response by the Answering Defendants is required. Nonetheless, the Answering Defendants deny that any relationship between any person or entity and PMT is governed by ERISA.

16.     The Answering Defendants deny the allegations in Paragraph V (A) of Plaintiff's First Amended Complaint.

17.     The Answering Defendants deny the allegations in Paragraph V (B) of Plaintiff's First Amended Complaint.

18.     The Answering Defendants deny the allegations in subparagraphs 1(a)-(e) of Paragraph V (B) of Plaintiff's First Amended Complaint, to the extent the referenced events are alleged as examples of misrepresentations of the solvency of PMT.

19.     The Answering Defendants deny the allegations in subparagraph 2 of Paragraph V (B) of Plaintiff's First Amended Complaint, to the extent the referenced events are alleged as examples of misrepresentations of the solvency of PMT.

20.     The Answering Defendants deny the allegations in subparagraphs 3(a)-(b) of Paragraph V (B) of Plaintiff's First Amended Complaint, to the extent the referenced events are alleged as examples of misrepresentations of the solvency of PMT.

21. In response to the allegations and legal conclusions of Paragraph VI (A) of Plaintiff's First Amended Complaint, the Answering Defendants deny those allegations. The Answering Defendants further deny that ERISA governs any aspect of the operations of PMT, and deny that they have violated ERISA, whether in connection with PMT or otherwise.

22. In response to the allegations and legal conclusions of subparagraphs (1)-(6) of Paragraph VI (A) of Plaintiff's First Amended Complaint, the Answering Defendants deny those allegations. The Answering Defendants further deny that ERISA governs any aspect of the operations of PMT, and deny that they have violated ERISA, whether in connection with PMT or otherwise.

23. In response to the allegations and legal conclusions of Paragraph VI (B) of Plaintiff's First Amended Complaint, the Answering Defendants deny those allegations. The Answering Defendants further deny that ERISA governs any aspect of the operations of PMT, and deny that they have violated ERISA, whether in connection with PMT or otherwise.

24. In response to the allegations and legal conclusions of subparagraphs (1)-(2) of Paragraph VI (B) of Plaintiff's First Amended Complaint, the Answering Defendants deny those allegations. The Answering Defendants further deny that ERISA governs any aspect of the operations of PMT, and deny that they have violated ERISA, whether in connection with PMT or otherwise.

25. In response to the allegations and legal conclusions of Paragraph VII (A) of Plaintiff's First Amended Complaint, the Answering Defendants deny those allegations. The Answering Defendants further deny that ERISA governs any aspect of the operations of PMT, and deny that they have violated ERISA, whether in connection with PMT or otherwise.

26. In response to the allegations and legal conclusions of Paragraph VII (B) of Plaintiff's First Amended Complaint, the Answering Defendants deny those allegations. The Answering Defendants further deny that ERISA governs any aspect of the operations of PMT, and deny that they have violated ERISA, whether in connection with PMT or otherwise.

27. In response to the allegations and legal conclusions of Paragraph VIII of Plaintiff's First Amended Complaint, the Answering Defendants deny those allegations. The Answering Defendants further deny that ERISA governs any aspect of the operations of PMT, and deny that they have violated ERISA, whether in connection with PMT or otherwise.

28. In response to Paragraph IX of Plaintiff's First Amended Complaint, including sub-paragraphs 1-7, the Answering Defendants deny that Plaintiff is entitled to any relief against them, whether under ERISA or otherwise.

## ADDITIONAL DEFENSES

1. Plaintiff has failed to state a claim against the Answering Defendants upon which relief can be granted.

2. This Court has no subject matter jurisdiction over Plaintiff's claims.

3. Neither PMT nor the Answering Defendants are in any way governed by or subject to liability under ERISA. Moreover, the Answering Defendants deny any violations of ERISA, in connection with PMT or otherwise.

4. The Answering Defendants are not fiduciaries to or in connection with any employee welfare benefit plan or other entity governed by ERISA.

5. The Answering Defendants did not act improperly or unlawfully in connection with PMT or otherwise.

6

6. The Answering Defendants deny any misrepresentations concerning the financial status of PMT at any time.

7. The Answering Defendants deny asking or requiring PMT to pay excessive service fees.

8. Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

9. The Answering Defendants reserve the right to assert additional defenses revealed in the course of discovery.

WHEREFORE, having fully answered Plaintiff's First Amended Complaint, the Answering Defendants pray that Plaintiff take nothing by way of the First Amended Complaint, and pray that judgment is entered in their favor on all claims herein. The Answering Defendants further pray for their costs expended herein, including a reasonable attorney's fee, and for all other and further relief as this Court deems just and proper.

Respectfully submitted,

_____
Mark K. Blongewicz, OBA #889
Robert P. Fitz-Patrick, OBA #14713
**HALL, ESTILL, HARDWICK, GABLE, GOLDEN & NELSON, P.C.**
320 South Boston Avenue, Suite 400
Tulsa, OK 74103-3708
Telephone (918) 594-0400
Facsimile (918) 594-0505
**ATTORNEYS FOR DEFENDANTS, ROBERT JOHNSON, JR., JOHNSON BROKERS & ADMINISTRATORS, L.L.C., AND JOHNSON BENEFIT ADMINISTRATORS, L.L.C.**

## CERTIFICATE OF MAILING

I, the undersigned, do hereby certify that on the 16th day of July, 2004, a true and correct copy of the above and foregoing instrument was sent by U.S. Mail, with proper postage thereon fully paid, to:

Howard M. Radzely
William E. Everheart
Robert A. Goldberg
Thomas A. Paige
Mary K. Cobb
C. Elizabeth Fahy
Office of the Solicitor
U.S. Department of Labor
525 Griffin Street, Suite 501
Dallas, TX 75202

David McKinney
Cooper, McKinney & Woosley, PLLP
401 S. Boston Avenue
Suite 3300
Tulsa, OK 74103-4070

G. Steven Stidham
Sneed Lang, P.C.
2300 Williams Center Tower II
Two West Second Street
Tulsa, OK 74103

_____
Mark K. Blongewicz

442833.1:511302:02170